IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| MANUEL SISO-MENESES,<br><br>*Petitioner*,<br><br>v.<br><br>ALEXANDER SANCHEZ, in his official capacity as Co-Associate Warden of the IAH Secure Adult Detention Center; BRET BRADFORD, in his official capacity as Field Office Director of ICE Enforcement and Removal Operations Houston Field Office; KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; and PAM BONDI, in her official capacity as Attorney General of the United States,<br><br>*Respondents*. | CIVIL ACTION NO. 9:26-CV-00028<br>JUDGE MICHAEL J. TRUNCALE |

## **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Manuel Siso-Meneses (Siso-Meneses)'s Amended Petition for Writ of Habeas Corpus (the Second Petition) [Dkt. 3]. For the following reasons, the Petition is **DENIED**.

### **I. BACKGROUND**

Petitioner Manuel Siso-Meneses is a Venezuelan national. [Dkt. 1 at ¶ 7]. On December 1, 2025, United States Immigration and Customs Enforcement (ICE) detained Siso-Meneses. *Id.* at ¶¶ 9–10.

On December 23, 2025, Siso-Meneses brought a habeas corpus petition (the First Petition), claiming that that his detention violated the Immigration and Naturalization Act (INA)[1] and the Fifth

---

[1] 8 U.S.C. § 1101 et seq.

Amendment to the United States Constitution.[2] The Court denied Siso-Meneses's First Petition on January 2, 2026.[3] Siso-Meneses, apparently undeterred by the Court's decision, filed his Second Petition on February 23, 2026. [Dkt. 3]. The Second Petition raises the same arguments as the First Petition, as well as a claim for illegal search and seizure under the Fourth Amendment. *See id.* at 3–4.

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. Second or Successive Habeas Petition

Generally, it is an "abuse of the writ" of habeas corpus to file a second habeas petition asserting grounds for relief that could have been raised in the first petition. *McGary v. Scott*, 27 F.3d 181, 183 (5th Cir. 1994). District courts have "sound discretion" to dismiss second or successive habeas petitions as abuses of the writ. *Id.* Dismissal is improper only when the petitioner demonstrates that some "external impediment" prevented him from raising his arguments in his first petition, and that dismissal would prejudice him. *See id.*

Here, Siso-Meneses's Second Petition re-states all of the arguments contained in his First

---

[2] *See* Petition for Writ of Habeas Corpus, Siso-Meneses v. Sanchez, No. 9:25-cv-355 (E.D. Tex. Dec. 23, 2025), Dkt. No. 1.

[3] *See* Order Denying Amended Petition for Habeas Corpus, Siso-Meneses v. Sanchez, No. 9:25-cv-355 (E.D. Tex. Jan. 2, 2026), Dkt. No. 4.

Petition, along with a Fourth-Amendment argument.[4] Siso-Meneses offers no reason why his Fourth-Amendment claim, premised on the supposed illegality of his arrest, could not have been raised in his First Petition. *See* [Dkt. 1; Dkt. 3]. Accordingly, Siso Meneses's Second Petition is an abuse of the writ of habeas corpus. *See McGary*, 27 F.3d at 183.

### IV. CONCLUSION

It is therefore **ORDERED** that Siso-Meneses's Amended Petition for Writ of Habeas Corpus [Dkt. 3] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 10th day of March, 2026.**

Michael J. Truncale
United States District Judge

---

[4] *Compare* [Dkt. 1] *with* Petition for Writ of Habeas Corpus, Siso-Meneses v. Sanchez, No. 9:25-cv-355 (E.D. Tex. Dec. 23, 2025), Dkt. No. 1.